UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NESTOR FERNANDO and RUBILYN FERNANDO, individuals, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLE'S CHOICE HOME LOAN, as the Original Lender, et al.,<br><br>Defendants. | Case No. 2:12-cv-00706-MMD-RJJ<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dtk. no.11) |

**I.   SUMMARY**

Before the Court is Defendant Land Title of Nevada, Inc.'s ("Land Title") Motion to Dismiss Plaintiffs Nestor and Rubilyn Fernando's ("Plaintiffs") Complaint. (Dkt. no. 11.) Plaintiffs have failed to file an opposition. For the reasons discussed below, the Defendant's Motion is granted.

**II.   BACKGROUND**

This case arises out of the alleged wrongful foreclosure of residential real property. On or about June 19, 2006, Plaintiffs entered into a loan agreement with People's Choice Home Loan to purchase the residential real property at 2324 Scissortail Court, North Las Vegas, Nevada 89084 ("Property"). (Dkt. no. 1 Ex. A-1). The loan agreement was memorialized by a promissory note for $364,000.00. (*Id.*) The

promissory note was secured by a Deed of Trust against the Property. (*Id.*) Land Title recorded the Deed of Trust on June 23, 2006. (*Id.*)

Plaintiffs' sole reference to Land Title arises in the Complaint's identification of parties. (Dkt. no. 1 at ¶ 10). The sum of Plaintiffs' allegations against Land Title consists of Land Title's role, as the title company, in overseeing and Land Title's alleged participation in fraud on the Plaintiff in the origination of the note." Plaintiffs make reference to some "imperfect securitization of the Note," however, as the sentence does not contain a verb, the Court cannot determine what exactly Land Title did or did not do.

Plaintiffs allege the following claims against all defendants: (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) slander of title, (6) declaratory relief, (7) violations of Nevada Civil Code, (8) unfair trade practices, and (9) civil RICO. Land Title seeks to dismiss all claims under Fed. R. Civ. P. 12(b)(6).

**III. DISCUSSION**

**A. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual assertions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* (internal citation omitted).

*///*

2

**B.     Analysis**

First and foremost, Plaintiffs have failed to respond to Land Title's Motion to Dismiss. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Here, despite having been informed of the September 10, 2012, deadline for filing an opposition, Plaintiffs have failed to respond. Thus, Plaintiffs are deemed to have consented to the granting of Land Title's Motion.

Moreover, based on the Court's review of the allegations in the Complaint against Land Title, the Complaint fails to state a claim against Land Title. Plaintiffs offer no supporting facts to suggest how overseeing the recording and processing of the Deed of Trust and Promissory Note makes Land Title liable under any legal theory. Further, Plaintiffs' bare allegations that Land Title was a "participant in fraud on the Plaintiff in the origination of the note" amount to nothing more than legal conclusions, which are not afforded the assumption of truth. Finally, because Plaintiffs' reference to some "imperfect securitization of the Note" is unsupported by a verb that would show how Land Title was responsible for the act, this allegation is indecipherable and insufficient to state a claim. Thus, Plaintiffs have failed to state a claim upon which relief can be granted and the claims as to Land Title are dismissed.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Land Title of Nevada, Inc.'s Motion to Dismiss (dkt. no. 11) is GRANTED.

DATED THIS 11th day of October, 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE