1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                                 DISTRICT OF NEVADA

10                                        * * *

11   NESTOR FERNANDO and RUBILYN            Case No. 2:12-cv-00706-MMD-NJK
     FERNANDO, individuals, on behalf of
12   themselves and others similarly situated,

13                          Plaintiffs,                      ORDER

                                             (Def.'s Motion to Dismiss and to Strike
14          v.                                      – dkt. nos. 6, 8)

15   PEOPLE'S CHOICE HOME LOAN, as the
     Original Lender, et al.,
16
                            Defendants.
17

18

19   I.      SUMMARY

20          Before the Court is Defendants Ocwen Loan Servicing, LLC ("Ocwen"), HSBC

21   Bank USA, National Association as Trustee for the Benefit of Peoples Financial Realty

22   Mortgage Securities Trust, Series 2006-1, Mortgage Pass-Through Certificates, Series

23   2006-1, named as two separate parties ("HSBC") and Wells Fargo Bank, National

24   Association's ("Wells Fargo") (collectively "Moving Defendants") Motion to Dismiss

25   Plaintiffs Nestor and Rubilyn Fernando's ("Plaintiffs") Complaint and to Strike Punitive

26   Damages.    (Dkt. nos. 6, 8.)    Plaintiffs have failed to file an opposition.    Moving

27   Defendants filed their Motion twice.    As the two motions are identical, the Court

28   addresses them as one. For the reasons discussed below, the motions are granted.

## II.   BACKGROUND

This case arises out of the alleged wrongful foreclosure of residential real property.  On or about June 19, 2006, Plaintiffs entered into a loan agreement with People's Choice Home Loan to purchase the residential real property at 2324 Scissortail Court, North Las Vegas, Nevada 89084 ("Property").  (Dkt. no. 1 Ex. A-1.)  The loan agreement was memorialized by a promissory note for $364,000.00.  (*Id.*)  The promissory note was secured by a Deed of Trust against the Property.  (*Id.*)  Plaintiffs' only reference to any defendant by name arises in the Complaint's identification of parties.  (Dkt. no. 1 at ¶ 9-18.)

Plaintiffs allege nine state law claims, which are all based on Plaintiff's ownership of the Property.  Moving Defendants seek to dismiss all claims under Fed. R. Civ. P. 12(b)(6) and to strike the prayer for punitive damages.

## III.   DISCUSSION

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Legal conclusions couched as factual assertions are not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 678.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Id.* (internal citation omitted).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se
///

litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

Although a Motion to Dismiss is generally made exclusively with reference to the pleadings, facts that are subject to judicial notice are appropriate considerations in evaluating the merits of a Motion to Dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (while in the context of a motion to dismiss all allegations of material fact are to be taken as true and construed in the light most favorable to the non-moving party, a court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice"). Under Federal Rule of Evidence 201, the court may take judicial notice of any fact "not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.201(b).[1]

### B.    Analysis

First and foremost, Plaintiffs have failed to respond to Moving Defendants' Motion to Dismiss. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Here, despite having been informed of the September 9, 2012, deadline for filing an opposition, Plaintiffs have failed to respond. Thus, Plaintiffs are deemed to have consented to the granting of Moving Defendants' Motion.

Moreover, based on the Court's review of the allegations in the Complaint against the Moving Defendants, the Complaint fails to state a claim. The entirety of Plaintiffs' 33-

---

[1]Moving Defendants request that the Court take judicial notice of certain deeds of trust, assignments, notice of default, and notice of trustee's sale recorded in the Clark County Recorder's Office. (Dkt. no. 7.) The listed documents are public documents on file in the Clark County Recorder's Office. The Court accordingly takes judicial notice of these documents and grants Defendants' request.

page Complaint contains a single factual allegation[2] – that Plaintiffs have owned the Property. (Dkt. no. 1 at ¶ 19.)  This single factual allegation cannot support the ten claims Plaintiffs assert, especially not those sounding in fraud as they are subject to a higher pleading standard.  Plaintiffs' allegations, even those couched as "Factual Allegations," amount to nothing more than legal conclusions, which are not afforded the assumption of truth.  At best, Plaintiffs' Complaint contains a formulaic recitation of elements for each claim.

Moreover, in support of their claims, Plaintiffs rely on legal theories expressly rejected by this Court, namely "split the note" and "show me the note" theories.  The courts in this district and the Ninth Circuit have repeatedly rejected the theory that a party is not entitled to foreclose because the note was split from the Deed of Trust.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co.*, LLC, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, 2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011).  The "show me the note" argument upon which Plaintiffs' Complaint is premised has been similarly rejected in Nevada.  *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304, 2009 WL 160241, *4-*5 (D. Nev. Jan. 22, 2009).  Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure.  *See* NRS § 107.080.

///

///

---

[2]As Plaintiffs' Complaint is a form complaint with only minor variations to account for Nevada law, Plaintiffs have not alleged sufficient facts to support each legal claim. Each and every "factual" allegation is merely a legal conclusion. *Form complaint available at:* http://www.scribd.com/doc/94908740/Complaint,http://thehomesaversdirect.com/pdf/case _complaint.pdf.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Moving Defendants' Motion to Dismiss (dkt. no. 6) is GRANTED.

IT IS FURTHER ORDERED that Moving Defendants' Motion to Strike Punitive Damages (dkt. no. 8) is DENIED as moot.

DATED THIS 24th day of January 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE